# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6957 | **DATE** | 11/25/2002 |
| **CASE TITLE** | Markiewicz-Cook Associates, Inc. vs. Sink, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Artist Colony Limited's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum, Artist Colony Limited's Motion for Summary Judgment [Doc #25] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 NOV 26 PM 5:09 | | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANK C. FARARO, & MARKIEWICZ- )
COOK ASSOCIATES, INC., )
 ) No. 01 C 6956, No. 01 C 6957
 Plaintiff, )
 ) HONORABLE DAVID H. COAR
 v. )
 )
SINK LLC f/k/a ARTIST COLONY, LLC, )
and ARTIST COLONY LIMITED f/k/a )
ROUSSEAU ACQUISITIONS, INC. )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

These cases come before the Court on Defendant Artist Colony Limited's Motions for Summary Judgment. The cases were originally assigned to two different judges, but their relatedness justified a reassignment order. Since October 23, 2001, when the cases were both assigned to Judge Coar, they have been proceeding on parallel tracks. Counsel for Plaintiffs is the same in both cases, and the issues are essentially identical. For efficiency purposes, the Court will dispose of both motions in this opinion. For the reasons set forth in this opinion, Artist Colony Limited's Motions for Summary Judgment is granted in part and denied in part.

### Factual and Procedural Background

Defendant Sink, LLC, formerly known as Artist Colony, LLC, and Defendant Artist Colony Limited, formerly known as Rousseau Acquisitions, are or were manufacturers of novelty furniture items, primarily bean bag chairs. Both Plaintiffs, Markiewicz-Cook, Associates, Inc. ("Markiewicz") and Frank C. Fararo ("Fararo") had oral agreements with Defendant Artist Colony, LLC whereby Plaintiffs were to place Defendant's products in catalogs. Under the

agreements, Artist Colony, LLC paid Markiewicz and Fararo a commission based upon a percentage of sales flowing from the catalogs where they placed the products. Markiewicz and Fararo each placed the product into major national catalogs, such as J.C. Penney, Spiegel, Sears, and others.

The relationship between both Plaintiffs and Defendant Artist Colony, LLC continued uninterrupted until Artist Colony, LLC entered into a sale agreement with Rousseau Acquistitions on February 23, 2001. The agreement was styled an "Agreement for the Purchase of Assets and Assumption of Liabilities" and it dictated the terms of the transfer of the assets of Artist Colony, LLC to Rousseau Acquisitions.

After the agreement became effective, both Defendants changed their working names. Defendant Artist Colony, LLC changed its name to Sink, LLC, and Defendant Rousseau Acquisitions changed its name to Artist Colony Limited.[1] The fate of Sink, LLC is disputed. Defendant Artist Colony Limited submits that Sink, LLC is a going concern, but both Plaintiffs argue that it is essentially defunct. The newly formed Artist Colony Limited continued the bean bag chair business of Artist Colony, LLC. However, Artist Colony Limited did not continue to employ Fararo and Markiewicz to find catalog space for the products.

---

[1] A note about the Defendants' names. At the times most relevant to this dispute, both Defendants were known as Artist Colony, either Artist Colony, LLC or Artist Colony Limited. The Court endeavors to refer to each corporation by the name it bore at the time of each transaction, so it is necessary to distinguish between them with the additional baggage "LLC" or "Limited" throughout the opinion. Sink, LLC only came into being after the assets of Artist Colony, LLC were sold to Rousseau Acquisitions. Immediately after acquiring the assets of Artist Colony, LLC, Rousseau Acquisitions changed its business name to Artist Colony Limited. Although it would be easier to refer to each Defendant by its unique name (Sink and Rousseau Acquisitions), it would distort the historical record of this case. The Court apologizes for any resulting confusion.

In the catalog space solicitation industry, apparently all of the space is sold a year in advance. The premium issues of any catalog for sales generation are the Christmas issue, which is released in August, and the Fall sale issue, which is released in September. When Artist Colony, LLC, sold its assets in February 2001, Plaintiffs had already secured the catalog space for the lucrative Christmas and Fall sale issues.

When Plaintiffs realized that Artist Colony Limited did not intend to pay commissions for sales from the catalogs where Plaintiffs placed the product, they each filed suit in Illinois state court on August 17, 2001. Defendant Artist Colony Limited removed both cases to this Court on September 7, 2001 based on diversity of citizenship.

Each Plaintiff filed a five count amended complaint that contain identical legal issues, though the facts are slightly different. Count I alleges that Defendant Sink, LLC, owes Plaintiffs commissions under the procuring cause rule, whereby commissions are due even after termination of sales representatives if the sales representatives were the procuring cause of the sale. Count II alleges that Defendant Sink, LLC, owes Plaintiffs exemplary damages up to three times the amount of the commissions as provided by the Illinois Sales Representative Act, 820 Ill. Comp. Stat. 120/1-3. Count III alleges that Defendant Artist Colony Limited implicitly assumed the obligation to pay the commissions when they purchased Artist Colony, LLC, and therefore owes plaintiffs the commissions. Count IV alleges that Defendant Artist Colony Limited owes plaintiffs the commissions because it is either a mere continuation of Artist Colony, LLC, or the two companies joined in a de facto merger. Count V alleges that Defendant Artist Colony Limited owes Plaintiffs exemplary damages up to three times the amount of the commissions as provided by the Illinois Sales Representative Act, 820 Ill. Comp. Stat. 120/1-3.

Artist Colony Limited now seeks summary judgment in both cases on three grounds. First, that it did not assume the obligations of Plaintiffs' contracts with Defendant Sink, LLC. Second, the oral contract between Sink and Plaintiffs violates the statute of frauds and is, therefore, unenforceable. Third and finally, Plaintiff was not engaged to solicit sales directly, so the provisions of the Illinois Sales Representative Act are inapplicable.

## DISCUSSION

### I.    Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Kamler v. H/N Telecommunication Services, Inc., 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when a reasonable jury could return a verdict for the party opposing summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). When determining whether a genuine issue of material fact exists, the Court considers the evidence and all proper inferences therefrom in the light most favorable to the non-moving party. See Neuma, Inc. v. AMP, Inc. 259 F.3d 864, 871 (7th Cir. 2001).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must set forth specific facts showing that there is a genuine issue for trial in its response. See Fed. R. Civ. P. 56(e); Michael v. St. Joseph County, et al., 259 F.3d 842, 845 (7th Cir. 2001); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than

raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion. See Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

## II.   Successor Liability

Artist Colony Limited asserts that it did not assume the obligation to pay plaintiffs commissions when it purchased Artist Colony, LLC. The general rule it relies upon is that an asset purchaser does not assume the legal obligations of the seller. See North Shore Gas Co. v. Salomon Inc., 152 F.3d 642, 651 (7th Cir. 1998). Although Artist Colony Limited cites only to Illinois law in its brief, there is no indication that Illinois law should govern the sale of assets from Artist Colony, LLC to Rousseau Acquisitions. In fact, the agreement itself dictates that North Carolina law should govern the terms of the exchange. See Mem. L. in Support Artist Colony Ltd. Mot. Summ. J., Ex. B, at ¶ 18.2 (provision of agreement dictating that it is "governed by and construed and enforced in accordance with the laws of the State of North Carolina").

In both North Carolina and Illinois, the general rule is the same. See North Shore Gas Co., 152 F.3d at 651 (7th Cir. 1998) (applying Illinois law); G.P. Publications, Inc. v. Quebecor

Printing–St. Paul, Inc., 481 S.E.2d 674, 679 (N.C. Ct. App.) review denied, 488 S.E.2d 800 (N.C. 1997). In both states, the asset purchaser can become liable for the obligations of the seller if any of the following four exceptions apply to the sale: (1) the purchaser of assets expressly or impliedly agrees to assume obligations of the seller; (2) the transaction amounts to a consolidation or de facto merger of the two corporations; (3) the purchasing corporation is merely a continuation of the seller corporation; or (4) the seller fraudulently enters into the transaction to escape liability. See North Shore Gas Co., 152 F.3d at 651; G.P. Publications, Inc., 481 S.E.2d at 679. Where the difference in law will not make a difference in outcome, courts can apply the law of either jurisdiction. See Kramer v. Weedhopper of Utah, Inc., 562 N.E.2d 271, 274 (Ill. App. Ct. 1990) ("Conflicts rules are applied only when a difference in law will make a difference in the outcome."). While the laws are facially similar, the interpretive cracks in the rules often provide fertile ground for seeds of difference to grow. Out of respect for the parties manifest intention in formulating the contract and the nuances in different states' interpretation of similar laws, the Court will apply North Carolina law to the terms of the agreement between Artist Colony, LLC and Artist Colony Limited.

Plaintiffs allege that Artist Colony Limited should assume the obligation to pay their commissions based on three of the four above-mentioned exceptions.[2] First, Plaintiff alleges that

---

[2]Plaintiffs represent that the "applicability of [only] two of these exceptions has been pled in the present case." (Fararo Mem. L. Support Pl. Resp. Artist Colony Ltd. Mot. Summ. J. at 3; Markiewicz Mem. L. Support Pl. Resp. Artist Colony Ltd. Mot. Summ. J. at 3) The two exceptions Plaintiffs enumerate are: "implied agreement of assumption" and "Defacto [sic] merger and mere continuation of seller." The de facto merger of corporations is a separate exception from mere continuation of the seller under North Carolina law. See Budd Tire Corp. v. Pierce Tire Co., Inc., 370 S.E.2d 267, 269 (N.C. Ct. App. 1988). This brings the total number of exceptions pled to three.

Artist Colony Limited impliedly agreed to accept the obligation in the purchase agreement. Second, Plaintiff alleges that the transaction was a de facto merger. Finally, Plaintiffs allege that Artist Colony Limited is a mere continuation of Artist Colony, LLC.

### A. Implied Acceptance of Obligations

The sale agreement between Artist Colony, LLC, and Rousseau Acquisitions explicitly transferred some of Artist Colony, LLC's obligations to Rousseau. Defendant Artist Colony Limited contends that the specification of assumed liabilities precludes a finding that there were other obligations it implicitly accepted. It cites to one Illinois case that suggests the court should not look beyond the written agreement of the parties to determine the extent of the assumed liabilities. See Myers v. Putzmeister, Inc., 596 N.E.2d 754, 756 (Ill. App. Ct. 1992). While the case certainly supports the principle, it does not offer a conclusive answer to whether Artist Colony Limited impliedly accepted the obligation to pay Plaintiffs' commissions. If Artist Colony Limited were correct, the exception for implied acceptance of obligations would exist in name only. Even where a written agreement specifies obligations, there can be cases where the agreement remains silent about something the parties had already agreed upon, necessitating further inquiry.

Plaintiffs present a two-fold position on this issue. First, they contend that they continued to perform their function for Artist Colony, LLC for four-to-six weeks after the sale of the corporation's assets to Rousseau Acquisitions because they were not notified of the sale. The Court does not see any connection between Plaintiffs' continued efforts on behalf of Artist Colony, LLC and the question of whether Rousseau Acquisitions assumed the obligation to pay Plaintiffs' commissions when they purchased the assets of Artist Colony, LLC. Second,

Plaintiffs contend that all catalog sales through Labor Day 2001 are owing to their work. Whether this creates an implicit acceptance of the obligation to pay the commissions due under the terms of Plaintiffs' contracts with Artist Colony, LLC is a closer question.

Looking to the language of the sale agreement itself, it provides that Rousseau Acquisitions would assume all liabilities listed on an attached schedule to the agreement. See Mem. L. in Support Artist Colony Ltd. Mot. Summ. J., Ex. B, at ¶ 1.1. It further indicates that the written sale agreement represents the entirety of the agreement between Rousseau Acquisitions and Artist Colony, LLC. See Mem. L. in Support Artist Colony Ltd. Mot. Summ. J., Ex. B, at ¶ 18.4 ("All understandings and agreements of the parties are merged into this Agreement and the instruments and agreements specifically referred to herein."). While there are a few liabilities listed on the sale agreement that could represent commissions owed to plaintiffs, nothing on the sale agreement indicates an obligation to pay future commissions.

There is a dearth of North Carolina case law addressing what constitutes an implicit acceptance of obligations pursuant to asset purchase agreements. After conducting an extensive search, the Court has learned that the absence of precedent on this issue is not unusual nationwide.

The parties themselves each cite to one case in support of their positions. Artist Colony Limited's case is discussed above, while the Plaintiffs' case addresses the procuring cause rule under Illinois law. See Solo Sales v. North America OMCG, Inc., 702 N.E.2d 652, 653–54 (Ill. App. Ct. 1998). Plaintiffs' use of precedent betrays its position on this issue. Plaintiffs are essentially arguing that it is inequitable for Artist Colony Limited to retain the benefits of their work without paying the commissions that would have been due under their contracts with Artist

Colony, LLC. While that may yet be the case, that does not provide sufficient evidence that Artist Colony Limited implicitly assumed the obligation in the sale contract.

The agreement spelled out the obligations that Artist Colony Limited assumed from Artist Colony, LLC, at the time of the purchase. In the face of a written agreement, as Artist Colony Limited points out, courts are unlikely to find additional implicit agreements that are not reflected in the parties contract. This is particularly the case where, as here, the agreement contains a clause indicating that there are no other agreements outside the written document. Plaintiffs have not offered any evidence in support of their position that Artist Colony Limited had an implied agreement to continue paying commissions in the future. Making all reasonable inferences in favor of Plaintiffs, the Court finds that Artist Colony Limited is entitled to summary judgment on the implied acceptance of obligations.

### B.    De Facto Merger

Plaintiffs urge that Artist Colony Limited assumed the obligation to pay their commissions because the purchase agreement with Artist Colony, LLC resulted in a de facto merger of the two corporations. An essential element of the de facto merger exception is continuity of ownership. Plaintiff has neither alleged nor proven continuity of ownership between Artist Colony, LLC and Artist Colony Limited. All the evidence demonstrates that the two corporations have separate ownership structures. Artist Colony, LLC was owned and operated by Scott and John Sink. Rousseau Acquisitions was owned and operated primarily by Dennis Rousseau. There is no evidence that the Sinks gained an ownership stake in Rousseau Acquisitions when they sold the assets of Artist Colony, LLC. The purchase agreement did provide that Scott Sink would continue to work for the new corporation, either as an employee or

a consultant for a period of time. But continuity of employees is insufficient to demonstrate continuity of ownership.

In the absence of continuity of ownership, the Court cannot conclude the purchase agreement was a de facto merger. Artist Colony Limited is entitled to summary judgment on the de facto merger claim.

### C. Mere Continuation of the Corporation

The elements of "mere continuation" in North Carolina are continuity of ownership, inadequacy of consideration, and lack of some of the elements of a good faith purchaser for value. See G.P. Publications, Inc. v. Quebecor Printing– St. Paul, Inc., 481 S.E.2d 674, 683 (N.C. App. Ct.), appeal denied, 488 S.E.2d 800 (N.C. 1997). Unlike Illinois, however, North Carolina does not require continuity of ownership in order to find that a corporation is a "mere continuation" of another. See G.P. Publications, Inc., 481 S.E.2d at 679 ("[A] purchaser conceivably could be found to be the corporate successor of the selling corporation even though there is no continuity of ownership. See L.J. Best Furniture Distributors v. Capital Delivery Service, 432 S.E.2d 437 (N.C. App. Ct. 1993).").

As discussed above, Plaintiffs have failed to demonstrate a continuity of ownership in the two corporations. While that would not be fatal to their claim under North Carolina law, Plaintiffs have also failed to demonstrate that the consideration exchanged between Artist Colony, LLC, and Rousseau Acquisitions was inadequate. Even under the relaxed standards of North Carolina law, Plaintiffs have failed to demonstrate a genuine issue of material fact on the

mere continuation theory.³ Consequently, Artist Colony Limited is entitled to summary judgment on this issue as well.

### III. Artist Colony Limited's Remaining Arguments for Summary Judgment

Artist Colony Limited did not assume the obligation to pay Plaintiffs under corporate successor liability principles. Artist Colony Limited also seeks summary judgment on two additional legal questions. First, Artist Colony Limited asserts that the Illinois statute of frauds prevents enforcement of Plaintiffs' alleged contracts with Artist Colony, LLC. Second, Artist Colony Limited asserts that it is not a "principal" within the meaning of the Illinois Sales Representative Act, so it is therefore not liable for commissions owed under the contract. Each argument will be addressed in turn. While it was proper to apply North Carolina law to the transaction between Artist Colony, LLC and Rousseau ACQUISITIONS, the remaining arguments concern the relationship between Plaintiffs and Artist Colony Limited; consequently, they are governed by Illinois law.

#### A. Statute of Frauds

Artist Colony Limited asserts that the alleged contract Plaintiffs had with Artist Colony,

---

³Under certain circumstances, federal courts have employed a "substantial continuity" test when the "public policy vindicated by recovery . . . is paramount to that supported by the traditional rules delimiting successor liability." United States v. Mexico Feed & Seed Co., Inc., 980 F.2d 478, 487 (8th Cir. 1992). Those cases have typically involved significant federal interests, such as labor relations, product liability, and environmental regulations. Id. North Carolina has specifically rejected the substantial continuity test when assessing situations similar to this case. See G.P. Publications, Inc. v. Quebecor Printing–St. Paul, Inc., 481 S.E.2d 674, 682 (N.C. App. Ct. 1997) ("[T]he trial court erred by applying the 'substantial continuity' test rather than the more restrictive traditional test to determine whether a successor corporation is a mere continuation of its predecessor."). While Plaintiffs allegations might have supported successor liability under a substantial continuity test, they offer scant support for successor liability under the mere continuation test.

LLC violated the Illinois Statute of Frauds. See 740 Ill. Comp. Stat. 80/1.[4] "Under the Illinois Statute of Frauds, oral agreements that are not capable of being fully performed within one year are unenforceable 'unless the promise or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged.'" Taylor v. Canteen Corp., 69 F.3d 773, 784 n.5 (7th Cir. 1995) (quoting 740 Ill. Comp. Stat. 80/1). The essential elements of the Statute of Frauds defense under this provision of Illinois law are: 1) the oral agreement was not verified in writing; and 2) the oral agreement is incapable of being performed within one year.[5]

Plaintiffs had an oral agreement with Artist Colony, LLC to place its products in various catalogs. This contract was for an indefinite term, therefore under Illinois law it was terminable at will. See Taylor, 69 F.3d at 782. The Statute of Frauds is an affirmative defense to a claim based on a contract, for which Artist Colony Limited would bear the burden of proof at trial. See Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc., 69 F.3d 845, 849 (7th Cir. 1995) (discussing whether Statute of Frauds defense was adequately pleaded).

The allegation that the alleged contract between Artist Colony, LLC and Plaintiffs

---

[4]The statute provides, in pertinent part:
§ 1. No action shall be brought, . . . whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, . . . or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

[5]Illinois also has Statute of Frauds provisions for other types of contracts (sale of interest in land, sale of goods, sale of securities, etc.) that may have slightly different elements. Their shared feature, of course, is the requirement that the contract be verified by writings signed by the parties.

12

violates the Statute of Frauds is procedurally awkward because the defense is being asserted by the Defendant that is not a party to the contract. Plaintiffs oral agreements were always with Sink, LLC or, more accurately, its predecessor Artist Colony, LLC. While Plaintiffs clearly wanted to continue working for Artist Colony Limited (and due to the failure of either Defendant to inform Plaintiffs of the sale, it appears that Plaintiffs may have unwittingly continued working for Artist Colony Limited for a short time), the proof is equally clear that Artist Colony Limited did not offer Plaintiffs the opportunity to do so. Plaintiff Markiewicz's requests for employment with Artist Colony Limited were considered and eventually denied. (Markiewicz Resp. Artist Colony Ltd. Statement Mat. Facts, Exs. G & H) At no time did Artist Colony Limited manifest an intention to employ Plaintiffs. Consequently, the Court finds that Artist Colony Limited did not have a contract with Plaintiffs at any time.

In the absence of privity, Artist Colony Limited's argument about the Statute of Frauds becomes meaningless. The obligations of the contract cannot be enforced upon entities that are not a party to the contract. Furthermore, it is difficult for a Defendant that is not a party to a contract to prove that the contract violated the Statute of Frauds. The contractual parties are in the best position to know whether they have writings on file that would satisfy the requirements of the Statute of Frauds. It is doubtful whether Sink, LLC could assert the Statute of Frauds defense at this stage. It did not plead the Statute of Frauds as an affirmative defense in its answer, so the defense is probably waived. See Athans v. Williams, 764 N.E.2d 586, 590 (Ill. App. Ct. 2002) (describing waiver of the affirmative defense of statute of frauds).[6] It is also

---

[6] Artist Colony Limited also did not plead the Statute of Frauds, but Plaintiffs failed to suggest that its failure to do so waived the defense.

possible that Sink, LLC knows of evidence that would not justify the defense, hence its absence from the pleading. In any event, the Court expresses no opinion on this issue at this stage. The Court denies Artist Colony Limited's motion for summary judgment on the Statute of Frauds.

### B. Illinois Sales Representative Act

The Illinois Sales Representative Act protects sales representatives who are paid on a commission basis from being denied commissions that may still be due or become due when the sales representative contract is terminated. 820 Ill. Comp. Stat. 120/2. Plaintiffs are both sales representatives who are paid on a commission basis. Artist Colony Limited asserts that Plaintiffs are not sales representatives under the act because they solicited catalog placement of the products not direct orders for the products. This interpretation defies logic. If the products were not placed in the catalog, Defendants would never receive those catalog orders. The interpolation of the catalog as an independent soliciting device does not alter the nature of Plaintiffs' relationship to sales of the Defendants' products through the catalogs. Without Plaintiffs, the catalog orders would not be made.

Artist Colony Limited also asserts that it is not liable under the act because it never had a contract with Plaintiffs. This argument has merit. Plaintiffs' responses essentially concede the point. Markiewicz and Fararo both assert that Artist Colony Limited is liable under the Sales Representative Act because it impliedly assumed the obligation from Artist Colony, LLC. As this Court has found that Artist Colony Limited did not impliedly assume the obligations and that it never had a contract with Plaintiffs, it cannot be liable under the terms of the Illinois Sales Representative Act. Artist Colony Limited is therefore entitled to Summary Judgment on the claim under the Illinois Sales Representative Act.

## IV. ISSUES REMAINING FOR TRIAL

Under clear principles of corporate law, the transaction between Artist Colony, LLC and Rousseau Acquisitions did not generate successor liability. Under similarly clear principles of contract law, Artist Colony Limited never had a contract with Plaintiffs. So where does this leave the parties for trial? From the outset, Plaintiffs complaints against Artist Colony Limited, though pled as corporate and contract claims, have been more in the nature of an unjust enrichment claim.

Artist Colony Limited can not credibly dispute that the catalog sales during 2001 from catalogs where Plaintiffs placed the product only exist due to the Plaintiffs' efforts. See Dep. Dennis Rousseau, at 51–53. This leaves Plaintiffs with an unjust enrichment, or *quantum meruit* claim against Artist Colony Limited. To prevail on an unjust enrichment claim under Illinois law, Plaintiffs must prove (1) performance of services, (2) the reasonable value of the services, and (3) the Defendant received a benefit from the services that it would be unjust to retain without paying compensation. See Fischer v. First Chicago Capital Markets, Inc., 195 F.3d 279, 284 (1999) (citing Illinois cases). Although Plaintiffs did not style their complaint against Artist Colony Limited as an unjust enrichment claim, it clearly pleads the elements. At trial, then, the critical issues will be the value of the services and the amount of compensation, if any, it would be just for Plaintiffs to receive.

## CONCLUSION

For the reasons given in this opinion, **Defendant Artist Colony Limited's** Motion for Summary Judgment is granted as to the issues of successor liability and the applicability of the Illinois Sales Representative Act and the motion is denied as to the Statute of Frauds.

**Enter:**

_/s/ David H. Coar_
**David H. Coar**
**United States District Judge**

**Dated: November 25, 2002**